UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EISSA JABER,

      Plaintiff,                                            Case No. 18-cv-11166

v.                                                              Paul D. Borman
                                                              United States District Judge

COMMISSIONER OF                          R. Steven Whalen
SOCIAL SECURITY,                           United States Magistrate Judge

      Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE WHALEN'S JUNE 28, 2019 REPORT AND RECOMMENDATION (ECF NO. 17), (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 18) (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 13), (4) GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 16), AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER**

On June 28, 2019, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("Report") to deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the final decision of the Commissioner to deny Plaintiff's application for Disability Insurance Benefits. (ECF No. 14, Report and Recommendation) ("Report"). On July 12, 2019, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 18.) Defendant filed a

1

Response to Plaintiff's Objections. (ECF No. 19.) Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report, GRANTS Defendant's Motion for Summary Judgment (ECF No. 16), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 13), and AFFIRMS the findings of the Commissioner.

## I. BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record are accurately and adequately cited to in the Report and the Court incorporates those factual recitations here. (Report at 2-10, PgID 1380-88) (citing ECF No. 7, Transcript of Social Security Proceedings *passim* (hereinafter "Tr. at ___"). The record evidence will be discussed in this Opinion and Order only as necessary to the Court's resolution of Plaintiff's Objections.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich.

2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th

Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make

5

explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

## III. ANALYSIS

### A. Objection No. 1: "The Magistrate erred when he found that ALJ's decision was supported by substantial evidence. (R&R 14-22)."

This one and one-half page general objection, which cites to the entirety of the Analysis section of the Magistrate Judge's Report and Recommendation and fails to point to any specific error on the part of the Magistrate Judge, or to identify specific record evidence in support of this Objection, or to develop any argument whatsoever in support of this Objection, does not merit *de novo* review and results in a waiver of any issue raised. Plaintiff asserts that "there is overwhelming evidence" that Plaintiff was unable to adapt to "normal work pressures and stresses," but fails to support this assertion with citation to a single piece of record evidence or to identify any specific finding or error on the Magistrate Judge's part that if corrected might require a different outcome. (Objs. 4, PgID 1406.) "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome,

6

is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo*, 2016 WL 424939, at *3. This Objection contains nothing but general statements of the law followed by the unsupported assertion that "[i]f Plaintiff's symptoms and limitations had been properly evaluated he would have been found disabled," and the equally unsupported conclusion that the ALJ and the Magistrate therefore erred in finding Plaintiff not disabled. Plaintiff's first Objection is OVERRULED based upon a complete failure to "pinpoint" any portions of the Report or errors on the Magistrate Judge's part entitled to this Court's *de novo* review.

**B. Objection No. 2: "The Magistrate erred when he found that the ALJ's finding that Plaintiff could perform light work was supported by the evidence (R&R 17-19)."**

In this Objection, Plaintiff generally challenges the Magistrate Judge's determination that substantial evidence supports the ALJ's determination that Plaintiff had the Residual Functional Capacity ("RFC") to perform light unskilled work with a sit/stand option. Plaintiff first asserts that Plaintiff's mental health symptoms preclude him from performing light work. Plaintiff objects to the Magistrate Judge's "minimization" of the statements of two of Plaintiff's treating physicians that Plaintiff was "disabled from any employment." (Objs. 5, PgID 1407.) Fundamentally, this objection is unfounded because it is well established, as ALJ Tobin acknowledged in her Opinion, that an ALJ need not give "controlling weight" or even "special

7

significance" to a doctor's conclusion that a plaintiff is disabled from all work "[b]ecause these are administrative findings that may determine whether an individual is disabled, [and] they are reserved to the Commissioner." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 727 (6th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)(1)). But more importantly, as the Magistrate Judge discussed at length, the ALJ provided "multiple good reasons" for according little weight to Plaintiff's treating mental health provider's opinions: Plaintiff's health treatment was sporadic and conservative, with gaps of over ten months between visits; as of September 2016, Plaintiff was reported to have appropriate affect, thought processes, and thought content "without distortions, suicidal ideation or angry outbursts;" Plaintiff's treating physician's disability opinion failed to opine specifically on Plaintiff's work-related abilities; and the record reflected that Plaintiff engaged in numerous activities that undermined his claimed mental (and physical) problems, such as making a solo 20-hour car trip to Texas, performing indoor and outdoor household chores, engaging with his children and attending their school functions, regularly attending his Mosque, and shopping at crowded stores with his children without becoming anxious or overwhelmed. (Tr. at 20-22.) The ALJ further observed that the results of Plaintiff's mental status examinations were unsupported by academic, medical, or other objective evidence, which tended to confirm the opinions of several consultative examiners that Plaintiff

was exaggerating his symptoms for secondary gain. (Tr. 22.) Finally, as the Magistrate Judge observed, the ALJ appropriately relied on an August 2015 non-examining assessment that found only moderate psychological limitation, noting that Plaintiff was capable of "simple, rote, repetitive tasks." (Tr. 21.) The Magistrate Judge correctly concluded that the ALJ appropriately gave little weight to the opinions of Plaintiff's mental health treater and relied on substantial record evidence in support of her conclusions.

Plaintiff next objects to the Magistrate Judge's conclusion that substantial evidence supports the ALJ's conclusions as to Plaintiff's physical limitations. In support of this Objection, Plaintiff cites to medical findings of a limited range of motion of the spine, "reaching limitations," positive bilateral straight leg raise, and MRI results suggesting symptomatic disc bulges. Plaintiff also cites to self-reported pain with certain activities. Plaintiff concludes that this evidence demands the conclusion that Plaintiff could not perform light work. (Objs. 5-6, PgID 1408.) But simply pointing to some evidence in the record that might suggest some limitations does not undermine an ALJ's conclusions that are adequately supported by other substantial evidence. "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the

ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Here, "there was more than enough evidence to support the ALJ's finding," *id.*, and the Magistrate Judge correctly concluded that the ALJ's "RFC for a reduced range of exertionally light work with a sit/stand option is well explained and generously supported by the record." (Report 19, PgID 1397.) The Magistrate Judge notes the ALJ's observations that while Plaintiff's straight leg raise test was positive, Plaintiff "retained 5/5 strength in the upper and lower extremities and his gait and station were normal and unassisted." (Tr. 18, 22.) And while a 2013 MRI demonstrated some abnormalities in the lumbar spine, Plaintiff's condition improved with only conservative treatment including physical therapy and Norco, and Plaintiff did not rely on any type of assistive device. (Tr. 18, 22.) Importantly, the last treatment records from Plaintiff's treating orthopedist, Dr. Radden, noted "significant improvement in Plaintiff's symptoms since the last visit." (Tr. 18.) The ALJ also noted that Plaintiff's latest treatment records from his primary care physician in March 2016, note "no back swelling, erythema, warmth, tenderness on palpation, muscle spasm or costovertebral angle tenderness," and noted "normal range of motion of all extremities without joint or muscle tenderness." (Tr. 19.) The ALJ also observed that Plaintiff testified at the hearing that he "could sit and walk for unlimited amounts of time; he could lift his children; and he could reach in all directions without difficulty." (Tr. 18, 22.) The

ALJ also cited the results of the Cooperative Disability Investigations Unit ("CDIU") Report, according to which the Plaintiff was "observed shopping, performing chores," including shoveling snow, mowing the lawn, lifting groceries, and "attending events and going to the mosque," and spending 20 hours in a car driving to Texas. (Tr. 22.)

In light of this substantial record evidence, the ALJ appropriately assigned little weight to Plaintiff's orthopedist's "opinion," which as a matter of law is entitled to no controlling weight or even special significance, that Plaintiff was completely disabled from his job duties and housework and a multitude of other daily activities. The Magistrate Judge correctly observed that "Plaintiff's claim that he is unable to perform work consistent with the RFC due to back, shoulder, and knee problems is *grossly undermined* by evidence that he was able to shovel snow, mow the lawn, lift groceries, and did not require the use of an assistive device." (Report 20, PgID 1398) (Emphasis added.)

The Court finds that Magistrate Judge Whalen correctly concluded that substantial evidence supports the ALJ's conclusion that Plaintiff had the RFC to perform light skilled work with a sit/stand option. Plaintiff's second objection is OVERRULED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objections are OVERRULED, the Defendant's Motion for Summary Judgment is GRANTED, Plaintiff's Motion for Summary Judgment is DENIED, and the findings of the Commissioner are AFFIRMED.

Dated: August 22, 2019                    s/Paul D. Borman
                                                                           Paul D. Borman
                                                                           United States District Judge